UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERA STRUMLAUF, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　Defendant. | Case No. 16-cv-01306-TEH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CONTINUE CMC AND RELATED DEADLINES** |

Before the Court is Defendant Starbucks Corporation's Motion to Continue the Initial Case Management Conference and Related Deadlines, pursuant to Civil Local Rule 6-3. Docket No. 27. For the reasons set forth below, Defendant's motion is hereby DENIED.

**BACKGROUND**

Plaintiffs filed this action on March 16, 2016. Docket No. 1. On April 11, 2016, Defendant filed a motion to dismiss, which was heard and is currently under submission. Docket Nos. 16, 26. On May 26, 2016, Defendant filed a notice informing the Court of three similar actions pending in other courts, and that it had filed a motion pursuant to 28 U.S.C. § 4107, requesting that the Judicial Panel on Multidistrict Litigation ("MDL Panel") coordinate or consolidate and transfer the actions. Docket No. 24. The following day, Defendant filed a motion to stay this action pending the MDL Panel's decision. The motion to stay is scheduled for a hearing on July 11, 2016. According to the parties, the MDL Panel will likley hear Defendant's motion on July 28, 2016.

On June 9, 2016, Defendant moved to continue the Initial Case Management Conference ("Initial CMC") and related discovery deadlines in this matter "to a date following the decision of the [MDL Panel] . . . on Starbucks' Motion to Transfer this action." Mot. at 1. Plaintiffs timely opposed the motion. Docket No. 29.

**DISCUSSION**

Defendant contends that absent a continuance, the Court "would have to spend time and judicial resources," and Defendant would be burdened with "proceeding with discovery for which it seeks coordination." Mot. at 1. Defendant further argues that it would be prejudiced absent a stay because it would face the "significant hardship" of "serial discovery planning conferences, initial disclosure statements, interrogatories, requests for production and depositions" in all four Districts in which the actions it seeks to coordinate are currently pending. *Id*. at 4.

The Court has an inherent power to stay proceedings in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Defendant notes that courts frequently grant stays pending decisions regarding whether to transfer by the MDL Panel. Mot. at 3 (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804 (N.D. Cal. 1998)). However, in addition to considering judicial economy, a court determining whether to stay proceedings also considers any prejudice to the non-moving party. *See, e.g., Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (granting moving party's motion to stay pending MDL Panel decision because it would "serve the interests of judicial economy *and because there is no evidence that it would prejudice [the non-moving party]*") (emphasis added). Plaintiffs note that the Court has already continued the Initial CMC, and therefore Plaintiffs have thus far been unable to commence discovery in their putative class action. Opp'n at 3.

The *Manual for Complex Litigation* (*"MCL"*) specifically cautions that where, as here, a motion for transfer under 28 U.S.C. § 1407 is pending, "[t]he transferor court should not automatically stay discovery; . . . Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings." *MCL 4th* § 20.131; *see also Rivers*, 908 F. Supp at 1360. Thus, not all matters should necessarily await resolution of a motion to transfer by the MDL Panel. In fact, continued management of cases prior to transfer may ultimately benefit the transferee court, by resolving and

narrowing issues that are unique to a particular action. *MCL 4th* § 20.131; *see also Balero v. Lumber Liquidators, Inc.*, No. 15-CV-01359-JST, Docket No. 11 (N.D. Cal. Apr. 1, 2015).

Without addressing the merits of the pending motion to stay, the Court sees no reason to postpone the Initial CMC – and thus the commencement of discovery – merely because Defendant's motion to transfer is pending. The Court's resources expended in holding an Initial CMC are negligible, and the prejudice Plaintiffs would suffer by delaying the commencement of discovery for at least six weeks outweighs Defendant's perceived burden. Finally, as Plaintiffs correctly noted, even if the MDL Panel grants Defendant's motion to transfer, Defendant will still be required to "turn over the same documents and make available the same witnesses for deposition." *In re iPhone Application Litig.*, No. 10-CV-5878-LHK, 2011 WL 2149102, at *3 (N.D. Cal. May 31, 2011). Thus, any prejudice suffered by Defendant is minimal.

**CONCLUSION**

For the reasons discussed above, Defendant's Motion to Continue the Initial Case Management Conference and Related Deadlines is hereby DENIED. All deadlines in this action shall remain in effect.

**IT IS SO ORDERED.**

Dated: 06/16/16 _____
THELTON E. HENDERSON
United States District Judge

3