SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT J. GUITE, Cal. Bar No. 244590
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
rguite@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
SASCHA HENRY, Cal. Bar No. 191914
ROBIN A. ACHEN, Cal. Bar No. 287033
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398
fpuglisi@sheppardmullin.com
shenry@sheppardmullin.com
rachen@sheppardmullin.com

Attorneys for Defendant
Starbucks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERA STRUMLAUF and BENJAMIN ROBLES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 3:16-cv-1306-TEH<br><br>**DEFENDANT STARBUCKS CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS IN THIS ACTION PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON WHETHER TO TRANSFER THIS ACTION AND CONSOLIDATE IT WITH SIMILAR ACTIONS BEFORE A SINGLE DISTRICT COURT**<br><br>Date:          July 11, 2016<br>Time:         10:00 a.m.<br>Courtroom: 12, 19th Floor<br><br>Action Filed: March 16, 2016<br>Trial Date:   None Set |

# I. INTRODUCTION

Defendant Starbucks Corporation ("Starbucks") submits this Reply in further support of its Motion to Stay this action pending a decision by the Judicial Panel on Multidistrict Litigation (the "JPML" or "Panel") on Starbucks' Motion for Coordination or Consolidation and Transfer Pursuant to 28 U.S.C. § 1407 (the "Transfer Motion"). Plaintiffs agree that only three factors are to be considered in deciding this Motion to Stay -- the potential to conserve judicial resources, the potential hardship to Starbucks if the action is not stayed, and the potential prejudice to Plaintiffs that may be caused by a stay. All of these factors weigh in favor of granting the instant Motion and staying this action.

Instead of focusing on the limited issue at hand -- whether this Court should grant a temporary and brief stay pending the resolution of the Transfer Motion -- Plaintiffs devote much of their Opposition to speculating on the Panel's resolution of the Transfer Motion. That is not the question before this Court on the Motion to Stay. The proper place for Plaintiffs to raise objections to the consolidation and transfer of the actions is before the Panel.

The requested stay will be brief. The JPML issued an order this morning granting oral argument on the Transfer Motion, and setting the hearing for July 28, 2016.

A temporary stay is appropriate because a stay would conserve judicial resources and will not prejudice Plaintiffs, while denial of a stay will substantially prejudice Starbucks.

# II. DISCUSSION

Plaintiffs agree that this Court should consider the following factors in deciding the instant Motion to Stay: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the potential prejudice to the non-moving party if the case is stayed. (Opp. at 2:2-6 (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### A. A Stay Will Further Judicial Economy.

A stay pending a determination by the JPML is appropriate where it will conserve judicial resources. *Rivers*, 980 F. Supp. 1360; *Stark v. Pfizer*, 2014 U.S. Dist. LEXIS 88250 (N.D. Cal. June 27, 2014). Rather than address Starbucks' argument that a stay pending the Panel's decision

-1-

will conserve this Court's resources and prevent duplicative discovery and pretrial management efforts, Plaintiffs ignore the relevant inquiry and baldly assert that "Defendant's motion for centralization is likely to be denied." (Opp. at 2:9-11.) However, Starbucks' likelihood of success on the Transfer Motion is not before this Court, as the moving party's likelihood of success is not a factor in determining whether a stay is appropriate.

"Whether a case is to be transferred to an MDL docket is not [the district court's] decision to make." *In re Rolls Royce Corp.*, 775 F.3d 671, 682 (5th Cir. 2014); *see also McVicar v. Goodman Global Inc.*, 2013 U.S. Dist. LEXIS 168370 (C.D. Cal. Nov. 25, 2013) ("Most of the McVicars' opposition to this Motion is dedicated to explaining why the JPML should not transfer this action to the Middle District of Florida. This Court will leave that decision to the JPML."); 28 U.S.C. § 1407(a) (the JPML is responsible for transferring cases to a consolidated multidistrict panel). Plaintiffs' citation to JPML decisions discussing the propriety of transferring cases to an MDL docket are, thus, inapposite. (*See* Opp. at 2:11-3:12.)

Plaintiffs also argue that a stay is not warranted because Plaintiffs' claims concern different Starbucks products than the products at issue in one of the other putative class actions, *Pincus v. Starbucks*. (Opp. at 3:13-20.) Again, this is merely an attempt to argue the merits of Starbucks' Transfer Motion before this Court and, therefore, inappropriate. Plaintiffs' argument is flawed for two additional reasons. First, Plaintiffs ignore the fact that there is significant overlap between facts at issue in all four of the putative class actions currently pending against Starbucks.[1] All four cases involve allegations regarding the alleged uniform and systematic under-filling of Starbucks' beverages. Each complaint makes the same principal factual allegation: that Starbucks' menu boards are false and deceptive because the beverages do not contain the quantities identified on the menu boards. All of the actions allege that the beverages are made by

---

[1] Three of those cases, including this one, were originally filed in federal courts. *See Strumlauf v. Starbucks Corp.*, Case No. 3:16-cv-01306-TEH (N.D. Cal.) (filed March 16, 2016); *Pincus v. Starbucks Corp.,* Case No 1:16-cv-04705 (N.D. Ill.) (filed April 27, 2016); *Crittenden v. Starbucks Corp.*, Case No. 1:16-cv-03496 (S.D.N.Y.) (filed May 10, 2016). A fourth case, *Forouzesh v. Starbucks Corp.*, was originally filed in the Los Angeles Superior Court. Starbucks removed that case to the Central District of California on June 1, 2016. *See Forouzesh v. Starbucks Corp.*, Case No. 2:16-cv-03830-PA-AGR (removed June 1, 2016). Accordingly, all four cases against Starbucks are currently pending in four different federal district courts.

following standardized recipes that result in under-filled beverages and are served in cups that are not large enough to contain the quantity of beverage stated on the menu boards. Moreover, the specific factual issues underlying this central premise are common to all of the lawsuits. Plaintiffs' claims in this action also overlap with those made in the other putative class actions against Starbucks that are awaiting possible centralization by the JPML.[2] For example, the actions all allege claims for breach of express warranty, breach of implied warranty, unjust enrichment, misrepresentation and fraud/fraudulent concealment. The actions also allege claims under the state statutes prohibiting false advertising and unfair competition. If the cases proceed beyond the motion to dismiss stage, pretrial proceedings in these cases, including challenges to pleadings and discovery, will involve numerous common factual and legal allegations and will necessarily overlap.

Second, Plaintiffs' narrative utterly ignores the claims at issue in *Crittenden v. Starbucks*, the case currently pending in the Southern District of New York. The *Crittenden* plaintiff alleges claims that are virtually verbatim to Plaintiffs' claims here regarding Starbucks' latte beverages, among others. The putative *Crittenden* class of New York purchasers also overlaps with the putative class at issue here, as Plaintiffs have alleged that they seek to represent a nationwide class. (Compl., ¶ 31.)

Plaintiffs' citation to *Balero v. Lumber Liquidators, Inc.*, No. 15-cv-01359-JST (N.D. Cal. Apr. 1, 2015) does not support the denial of the instant motion. There, the court was presiding over twelve related cases proceeding in the same judicial district, some of which had already commenced discovery prior to being removed to federal court. The *Balero* court determined that its continued management of the twelve cases before it would benefit the potential transferee court. No analogy or similar conclusion can be drawn here, where this Court presides over only one of the related actions currently pending against Starbucks in three other judicial districts. Nor has discovery commenced, let alone been actively managed by this Court.

---

[2] As *Forouzesh* was not pending in federal court when Starbucks filed the Transfer Motion, it was not then identified as subject to transfer. However, Starbucks has since provided notice to the Panel of the removal and is also seeking to have that case consolidated with the others as permitted by the JPML rules.

1    Granting a stay of this action pending the JPML's decision on the Transfer Motion will
2 conserve this Court's resources, and prevent duplicative discovery and pretrial management efforts
3 while the motion is pending. *See Rivers*, 980 F. Supp. at 1360-61.  If no stay is entered and this
4 case is ultimately transferred, "this Court will have needlessly expended its energies" as "any
5 efforts on behalf of this Court concerning case management will most likely have to be replicated
6 by the judge that is assigned to handle the consolidated motion." *Id.*  This factor weighs in favor
7 of a stay.

### B. Without a Stay, Starbucks Will Be Substantially Prejudiced.

A stay should also be issued to prevent "hardship and inequity" to Starbucks. *Rivers*, 980 F. Supp. at 1360. Plaintiffs argue that Starbucks' discovery burdens remain the same whether or not the Transfer Motion is granted. (Opp. at 4:24-5:7.)  Plaintiffs ignore that numerous courts have considered the possibility of duplicative discovery and motion practice a factor in determining that a party may be prejudiced without a stay. *See, e.g, Bd. of Trustees of the Teacher's Retirement Sys. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002); *Cooper v. Siddighi*, 2013 U.S. Dist. LEXIS 188416, *8 (C.D. Cal. May 8, 2013).  Plaintiffs also ignore the fact that plaintiffs Crittenden, Pincus, and Forouzesh, whose cases are pending across the country, will likely demand the same discovery and notice the depositions of the same set of Starbucks employees.  Additionally, Plaintiffs ignore the fact that discovery in all of the actions is currently stayed as no Rule 26 conference has taken place in any action.  Starbucks is simply asking the Court for a brief extension of that stay.

Plaintiffs also argue, with citation to a handful of JPML decisions, that there are other coordination mechanisms available to minimize the possibility of conflicting pretrial rulings. Again, Plaintiffs effectively ask this Court to rule on the merits of Starbucks' Transfer Motion, which is appropriately decided by the JPML.  All but one of the cases cited by Plaintiffs were decided by the JPML in the context of a motion to transfer, not a motion to stay before a district court.  The only case Plaintiffs cite that actually considers a motion to stay, *In re iPhone Application Litig.,* 2011 U.S. Dist. LEXIS 57970, *10 (N.D. Cal. May 31, 2011), is factually dissimilar and does not support Plaintiffs' position.  The *In re iPhone* court was presiding over

-4- Case No. 3:16-cv-1306
STARBUCKS' REPLY ISO MOTION TO STAY
PENDING JPML DECISION ON TRANSFER MOTION

three consolidated actions, and three other related cases. *Id*. at *5. The parties stipulated to an expedited case schedule, had already engaged in a status conference and initial case management conference, and the defendant had already sought and received two extensions of its deadline to provide initial disclosures. *Id*. In light of those circumstances, the court concluded that a stay was not appropriate given the stipulated case schedule, active management of discovery and participation in case management in consolidated and related cases. *Id*. at *8-10. Here, in contrast, this Court is presiding over only one recently-filed case where no discovery has commenced and where no case management has yet occurred.[3] At the same time, there are three other recently-filed putative class actions pending across the country over which this Court has no control and where discovery has not commenced.

Additionally, though Plaintiffs obliquely refer to other methods of coordination, Plaintiffs neither suggest that they would be amenable to such methods, nor explain how the possibility of such methods would prevent Starbucks from being prejudiced in the time before the JPML rules on the Transfer Motion.

### C. <u>Plaintiffs Will Not Be Prejudiced By a Stay</u>.

In arguing that a stay will prejudice them, Plaintiffs merely state, in a conclusory manner, that a stay will "thwart Plaintiffs' ability to promptly commence discovery" and that a stay at this juncture is unfair because a ruling on Starbucks' Motion to Dismiss "is imminent." (Opp. at 4:5-16.) Yet Plaintiffs do not provide any explanation of *how* a brief delay will prejudice them. Nor could they because delay alone is not prejudice. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Plaintiffs' argument that a stay will "thwart" their ability to "promptly commence" discovery does not indicate how a brief stay in the "commence[ment]" of discovery will prejudice their ability to litigate their claims. That is because a short delay will not, in fact, hamper Plaintiffs' ability to litigate their claims.

---

[3] After filing this Motion, Starbucks also filed a Motion to Change Time for Case Management Conference and Related Deadlines. In that motion, Starbucks sought a continuation of the initial case management conference in this case, along with the related initial disclosure deadline. Though the initial case management conference had previously been rescheduled from June 27 to July 11, and thus continued the deadline to exchange initial disclosures, Starbucks did not request that continuance.

Indeed, stays pending consolidation and transfer before the JPML are routine in large part because they are by nature very brief, thus causing little (if any) prejudice to the non-moving party, especially at the nascent stages of litigation. *See, e.g.*, *Howell v. Bristol-Myers Squibb Co.*, 2013 U.S. Dist. LEXIS 65111 (N.D. Cal. May 7, 2013) (noting that "[b]ecause a decision as to whether the instant action will be transferred will, in all likelihood, be made shortly by the JPML, the stay sought by defendant likely will be of limited duration" and staying proceedings "[i]n light of the anticipated brevity of the stay" and the fact that plaintiff had not identified "significant prejudice resulting from such stay"); *Tench v. Jackson Nat. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 18023, *5 (N.D. Ill. Nov. 12, 1999) ("A stay would be for only the limited period until the MDL Panel decides whether to consolidate the instant action, then Ms. Tench may proceed with all of her desired motions. A stay is therefore the most appropriate option pending a final decision on transfer by the MDL Panel."); *Smith v. Merck & Co.*, 2006 U.S. Dist. LEXIS 94189, *3 (S.D. Ill. Dec. 29, 2006) ("[W]hile Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests.") Conversely, as demonstrated above, Starbucks will be prejudiced by having to respond to discovery and otherwise litigate on a piecemeal basis. These are the harms that district courts recognize support the issuance of a temporary stay.

## III. CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court grant this Motion to Stay until the Panel makes its decision on the pending Transfer Motion.

Dated: June 17, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Robin A. Achen*
ROBERT J. GUITE
FRED R. PUGLISI
SASCHA HENRY
ROBIN A. ACHEN
Attorneys for Starbucks Corporation

SMRH:4780063011.5                                    -6-                    Case No. 3:16-cv-1306
STARBUCKS' REPLY ISO MOTION TO STAY
PENDING JPML DECISION ON TRANSFER MOTION