SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ROBERT J. GUITE, Cal. Bar No. 244590
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415.434.9100
Facsimile:  415.434.3947
rguite@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
FRED R. PUGLISI, Cal. Bar No. 121822
SASCHA HENRY, Cal. Bar No. 191914
ROBIN A. ACHEN, Cal. Bar No. 287033
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
fpuglisi@sheppardmullin.com
shenry@sheppardmullin.com
rachen@sheppardmullin.com

Attorneys for Defendant
Starbucks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERA STRUMLAUF and BENJAMIN ROBLES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 3:16-cv-1306-TEH<br><br>**DEFENDANT STARBUCKS CORPORATION'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Action Filed:  March 16, 2016<br>Trial Date:  None Set |

Starbucks Corporation ("Starbucks"), by and through its attorneys, states as follows in answer to Plaintiffs' Complaint:

1. Answering paragraph 1 of Plaintiffs' Complaint, Starbucks admits that Plaintiffs purport to bring this action on behalf of purchasers of certain identified beverages. Starbucks also admits that menu boards list "12 fl. oz." under "Tall," "16 fl. oz." under "Grande," and "20/24 fl. oz." under "Venti" but denies that the image included in paragraph 1 is the menu board used in all U.S. cafés. Except as so admitted, Starbucks denies the allegations.

2. Answering paragraph 2 of Plaintiffs' Complaint, Starbucks admits that a latte contains steamed milk, espresso and foam. Except as so admitted, Starbucks denies the allegations.

3. Answering paragraph 3 of Plaintiffs' Complaint, Starbucks denies the allegations.

4. Answering paragraph 4 of Plaintiffs' Complaint, Starbucks admits that Plaintiffs seek to pursue claims based on a variety of legal theories on behalf of a putative nationwide class. Except as so admitted, Starbucks denies the allegations.

5. Answering paragraph 5 of Plaintiffs' Complaint, Starbucks lacks knowledge and, therefore, denies the allegations.

6. Answering paragraph 6 of Plaintiffs' Complaint, Starbucks lacks knowledge and, therefore, denies the allegations.

7. Answering paragraph 7 of Plaintiffs' Complaint, Starbucks admits that it is a Washington Corporation with its principal place of business in Seattle, Washington and that it operates a number of cafés throughout the United States. Except as so admitted, Starbucks denies the allegations.

8. Answering paragraph 8 of Plaintiffs' Complaint, the allegations require no response. To the extent a response is required, Starbucks denies the allegations.

9. Answering paragraph 9 of Plaintiffs' Complaint, Starbucks admits that jurisdiction in this Court is proper and that Plaintiffs seek more than $5,000,000 on behalf of the putative class. Except as so admitted, Starbucks denies the allegations.

10. Answering paragraph 10 of Plaintiffs' Complaint, Starbucks admits that venue in this district is not improper. Except as so admitted, Starbucks denies the allegations.

11. Answering paragraph 11 of Plaintiffs' Complaint, Starbucks admits that a latte is made with espresso and steamed milk. Except as so admitted, Starbucks denies the allegations.

12. Answering paragraph 12 of Plaintiffs' Complaint, Starbucks admits that a latte customarily contains steamed milk, espresso and milk foam. Except as so admitted, Starbucks denies the allegations.

13. Answering paragraph 13 of Plaintiffs' Complaint, the allegations require no response. To the extent a response is required, Starbucks denies the allegations.

14. Answering paragraph 14 of Plaintiffs' Complaint, Starbucks admits that Forbes has reported that it sold over 200 million pumpkin spice lattes from 2003 to 2013. Except as so admitted, Starbucks denies the allegations.

15. Answering paragraph 15 of Plaintiffs' Complaint, Starbucks admits that it has recipes for its beverages, including lattes, and that the diagram speaks for itself. Except as so admitted, Starbucks denies the allegations.

16. Answering paragraph 16 of Plaintiffs' Complaint, Starbucks denies the allegations.

17. Answering paragraph 17 of Plaintiffs' Complaint, Starbucks denies the allegations.

18. Answering paragraph 18 of Plaintiffs' Complaint, Starbucks denies the allegations.

19. Answering paragraph 19 of Plaintiffs' Complaint, Starbucks denies the allegations.

20. Answering paragraph 20 of Plaintiffs' Complaint, Starbucks denies the allegations.

21. Answering paragraph 21 of Plaintiffs' Complaint, Starbucks lacks knowledge as to what beverages Plaintiffs' counsel purportedly purchased or measured and, therefore, denies the allegations.

22. Answering paragraph 22 of Plaintiffs' Complaint, Starbucks lacks knowledge as to pitchers acquired by Plaintiffs' counsel and, therefore, denies the allegations.

23. Answering paragraph 23 of Plaintiffs' Complaint, Starbucks denies the allegations.

24. Answering paragraph 24 of Plaintiffs' Complaint, Starbucks denies the allegations.

25. Answering paragraph 25 of Plaintiffs' Complaint, Starbucks denies the allegations.

26. Answering paragraph 26 of Plaintiffs' Complaint, the allegations require no response. To the extent a response is required, Starbucks denies the allegations.

27. Answering paragraph 27 of Plaintiffs' Complaint, Starbucks admits that the referenced discussion may have been found on Bloomberg.com. Except as so admitted, Starbucks denies the allegations.

28. Answering paragraph 28 of Plaintiffs' Complaint, the allegations require no response. To the extent a response is required, admits that ABC News reported the referenced piece. Except as so admitted, Starbucks denies the allegations.

29. Answering paragraph 29 of Plaintiffs' Complaint, Starbucks states that its stock price speaks for itself and is a matter of record. To the extent a further response is required, Starbucks denies the allegations.

30. Answering paragraph 30 of Plaintiffs' Complaint, Starbucks denies the allegations.

31. Answering paragraph 31 of Plaintiffs' Complaint, Starbucks admits that Plaintiffs purport to bring this action on behalf of the putative class described in the paragraph. Except as so admitted, Starbucks denies the allegations.

32. Answering paragraph 32 of Plaintiffs' Complaint, Starbucks admits that Plaintiffs purport to bring this action on behalf of the putative class described in the paragraph. Except as so admitted, Starbucks denies the allegations.

33. Answering paragraph 33 of Plaintiffs' Complaint, Starbucks denies the allegations.

34. Answering paragraph 34 of Plaintiffs' Complaint, Starbucks denies the allegations.

35. Answering paragraph 35 of Plaintiffs' Complaint, Starbucks denies the allegations.

36. Answering paragraph 36 of Plaintiffs' Complaint, Starbucks denies the allegations.

37. Answering paragraph 37 of Plaintiffs' Complaint, Starbucks denies the allegations.

38. Answering paragraph 38 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-37 above.

39. Answering paragraph 39 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class.

40. Answering paragraph 40 of Plaintiffs' Complaint, Starbucks denies the allegations.

41. Answering paragraph 41 of Plaintiffs' Complaint, Starbucks denies the allegations.

42. Answering paragraph 42 of Plaintiffs' Complaint, Starbucks denies the allegations.

43. Answering paragraph 43 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-42 above.

44. Answering paragraph 44 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

45. Answering paragraph 45 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

46. Answering paragraph 46 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

47. Answering paragraph 47 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

48. Answering paragraph 48 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

49. Answering paragraph 49 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

50. Answering paragraph 50 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

51. Answering paragraph 51 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

52. Answering paragraph 52 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count II of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

53. Answering paragraph 53 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-52 above.

54. Answering paragraph 54 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count III of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

55. Answering paragraph 55 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count III of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

56. Answering paragraph 56 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count III of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

57. Answering paragraph 57 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count III of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

58. Answering paragraph 58 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-57 above.

59. Answering paragraph 59 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class.

60. Answering paragraph 60 of Plaintiffs' Complaint, Starbucks admits that the California Civil Code speaks for itself. Except as so admitted, Starbucks denies the allegations.

61. Answering paragraph 61 of Plaintiffs' Complaint, Starbucks admits that the California Civil Code speaks for itself. Except as so admitted, Starbucks denies the allegations.

62. Answering paragraph 62 of Plaintiffs' Complaint, Starbucks denies the allegations.

63. Answering paragraph 63 of Plaintiffs' Complaint, Starbucks denies the allegations.

64. Answering paragraph 64 of Plaintiffs' Complaint, Starbucks admits that a letter dated January 29, 2016 was sent to Starbucks on behalf of Plaintiff Robles. Except as so admitted, Starbucks denies the allegations.

65. Answering paragraph 65 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks denies the allegations.

66. Answering paragraph 66 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-65 above.

67. Answering paragraph 67 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class.

68. Answering paragraph 68 of Plaintiffs' Complaint, Starbucks admits that the California Business and Professions Code speaks for itself. Except as so admitted, Starbucks denies the allegations.

69. Answering paragraph 69 of Plaintiffs' Complaint, Starbucks denies the allegations.

70. Answering paragraph 70 of Plaintiffs' Complaint, Starbucks denies the allegations.

71. Answering paragraph 71 of Plaintiffs' Complaint, Starbucks denies the allegations.

72. Answering paragraph 72 of Plaintiffs' Complaint, Starbucks denies the allegations.

73. Answering paragraph 73 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-72 above.

74. Answering paragraph 74 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class.

75. Answering paragraph 75 of Plaintiffs' Complaint, Starbucks admits that the California Business and Professions Code speaks for itself. Except as so admitted, Starbucks denies the allegations.

76. Answering paragraph 76 of Plaintiffs' Complaint, Starbucks denies the allegations.

77. Answering paragraph 77 of Plaintiffs' Complaint, Starbucks denies the allegations.

78. Answering paragraph 78 of Plaintiffs' Complaint, Starbucks denies the allegations.

79. Answering paragraph 79 of Plaintiffs' Complaint, Starbucks denies the allegations.

80. Answering paragraph 80 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-79 above.

81. Answering paragraph 81 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

82. Answering paragraph 82 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

83. Answering paragraph 83 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

84. Answering paragraph 84 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

85. Answering paragraph 85 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

86. Answering paragraph 86 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

87. Answering paragraph 87 of Plaintiffs' Complaint, the allegations require no response from Starbucks as the Order of June 17, 2016 dismissed Count VII of Plaintiffs' Complaint with prejudice. To the extent a response is required, Starbucks denies the allegations.

88. Answering paragraph 88 of Plaintiffs' Complaint, Starbucks incorporates by reference its responses to paragraphs 1-87 above.

89. Answering paragraph 89 of Plaintiffs' Complaint, the allegations require no response from Starbucks. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action on behalf of themselves and the proposed class.

90. Answering paragraph 90 of Plaintiffs' Complaint, Starbucks denies the allegations.

91. Answering paragraph 91 of Plaintiffs' Complaint, Starbucks denies the allegations.

92. Answering paragraph 92 of Plaintiffs' Complaint, Starbucks denies the allegations.

BY WAY OF DEFENSES, and without conceding that it has the burden of proof as to any of these matters, Starbucks alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient to Constitute a Cause of Action)

1. The Complaint, and each of the purported causes of action asserted therein, against Starbucks fails to state facts sufficient to constitute a cause of action against Starbucks.

### SECOND AFFIRMATIVE DEFENSE

(No Reasonable Consumer Deceived)

2. The Complaint, and each of the purported causes of action asserted therein, against Starbucks fails, in whole or in part, because the beverages as delivered meet the needs and expectations of consumers and no reasonable consumer would interpret the alleged communications and advertising in the manner Plaintiffs allege or rely on them to their detriment.

### THIRD AFFIRMATIVE DEFENSE

(No Reliance)

3. The Complaint, and each of the purported causes of action asserted therein, against Starbucks fails, in whole or in part, because Plaintiffs do not allege any misrepresentations upon which they relied nor have Plaintiffs alleged that their beverages were actually underfilled.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

4. Plaintiffs' purported claims are barred, in whole or in part, to the extent Plaintiffs seek relief for any purported claims that were not brought before the expiration of the applicable statute of limitations, including but not limited to, California Business and Professions Code section 17208, California Code of Civil Procedure sections 338(a) and 338(d), and/or California Civil Code section 1783.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

5. The Complaint, and each of the purported causes of action asserted therein, against Starbucks fails, in whole or in part, because Plaintiffs lacks standing to pursue their asserted claims. Among other things, Plaintiff should be barred from pursuing claims based upon representations that Plaintiffs did not rely upon and therefore were not injured by and where Plaintiffs have not alleged that the beverages they purchased were actually underfilled.

## SIXTH AFFIRMATIVE DEFENSE

(Compliance with Statutes, Regulations and Industry Standards)

6. To the extent that Starbucks engaged in any of the activities alleged in the Complaint, those activities were in compliance with, and pursuant to, statutes, government regulations and industry standards in existence at the time of the activities.

## SEVENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

7. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, because Starbucks actions, if any, respecting the subject matters alleged therein were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper and justified means.

## EIGHTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

8. The Complaint, and each of the purported causes of action asserted therein, against Starbucks fails, in whole or in part, because Starbucks conduct was not the proximate cause of the harm alleged therein.

## NINTH AFFIRMATIVE DEFENSE

(Good Faith Belief)

9. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, because, at all times and places mentioned, Starbucks acted without malice and with a good faith belief in the propriety of its conduct.

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, by the doctrine of unclean hands. Starbucks asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the Complaint, it is possible that one or more members of the putative class, including Plaintiffs, have engaged in misconduct that would make it inequitable for them to obtain any relief from Starbucks.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, by the doctrine of waiver. Starbucks asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the Complaint, it is possible that one or more members

of the putative class, including Plaintiffs, have waived their right to obtain relief against Starbucks. Among other things, the proposed class, as defined in the Complaint, includes consumers who have continued to purchase Starbucks beverages despite notice as to their size and content. Such consumers have waived their right to obtain relief against Starbucks.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Laches)

13. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, by the doctrine of laches. In particular, Plaintiffs' delay in filing the lawsuit has been substantially prejudicial to Starbucks. Starbucks asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the Complaint, it is possible that one or more members of the putative class, including Plaintiffs, have, by virtue of their delay, waived any right to obtain relief against Starbucks.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

14. If Plaintiffs and the putative class members have suffered any damages by reason of any acts, omissions, or courses of conduct on the part of Starbucks, all or part of the damages were caused by or attributable to the failure of Plaintiffs and the class to act reasonably or prudently to mitigate their damages. Starbucks asserts this affirmative defense on information and belief and because, due to the sheer size and scope of the putative class and the lack of specificity in the Complaint, it is possible that one or more members of the putative class, including Plaintiffs, have, by virtue of their delay, failed to mitigate any alleged damages. Among other things, the proposed class, as defined in the Complaint, includes consumers who continued to purchase Starbucks beverages with notice of their size and content. If such consumers nevertheless continued to purchase the Starbucks beverages they failed to mitigate their damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Take Advantage of Preventative or Corrective Opportunities)

15. Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Starbucks to avoid the alleged harm, if any, including, but not limited to availing themselves of Starbucks well-known promise and offer to re-make any beverage that a customer did not find satisfactory or meet his or her expectations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

16. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, on the ground that any award or relief against Starbucks would result in unjust enrichment to the Plaintiffs and the class.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Offset)

17. If any award or relief is entered against Starbucks, the recovery must be offset by the value of the beverages furnished by Starbucks.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Class Action Requirements Not Met)

18. Plaintiffs cannot properly bring this case as a class action under Federal Rule of Civil Procedure 23 because Plaintiffs cannot satisfy its requirements. Individual questions of fact and law predominate over common questions, Plaintiffs are not adequate class representatives, their claims are not typical of those belonging to the alleged class members and other class requirements cannot be satisfied, including presenting a viable damages model.

**NINETEENTH AFFIRMATIVE DEFENSE**

(No Nationwide Class)

19. A nationwide class may not properly be certified as to any of Plaintiffs' purported claims because California law cannot be applied to the entire proposed class and variances in state law would necessarily overwhelm common issues and preclude predominance for a single nationwide class.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Entitlement to Punitive Damages)

20. Plaintiff is not entitled to recover punitive damages, in whole or in part, from Starbucks under applicable of law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Additional Defenses Against Unnamed Class Members and Reservation)

21. Starbucks may have additional defenses against the unnamed members of the class that Plaintiffs purport to represent. Starbucks reserves the right to assert additional defenses against the unnamed members of the class or subclass that Plaintiffs purport to represent if a class or a subclass is certified against Starbucks and as the factual basis for each additional defense becomes known. Starbucks specifically reserves the right to amend this Answer by way of adding additional defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Basis for Injunctive Relief)

22. Plaintiff is not entitled to injunctive relief because the Court dismissed claims for injunctive relief with prejudice in the Order of June 17, 2016.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Lack of Particularity)

23. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is barred, in whole or in part, on the ground that the Complaint fails to describe the alleged fraud with requisite particularity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Entitlement to Attorneys' Fees)

24. The Complaint, and each of the purported causes of action asserted therein, against Starbucks is frivolous, vexatious and unreasonable, thereby entitling Starbucks to an award of its reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Starbucks hereby makes its demand for jury trial.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint and having asserted affirmative defenses, Starbucks prays for judgment as follows:

1. For dismissal of all claims and causes of action against Starbucks alleged in Plaintiffs' Complaint with prejudice;

2. For denial of certification of this matter as a class action;

3. For all costs, disbursements and legal fees in an amount to be determined at the time of trial; and

4. For such other and further relief as the Court deems just and equitable.

Dated: July 1, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/Robert J. Guite*
ROBERT J. GUITE
FRED R. PUGLISI
SASCHA HENRY
ROBIN A. ACHEN
Attorneys for Starbucks Corporation