UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERA STRUMLAUF, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>STARBUCKS CORPORATION,<br><br>　　　　Defendant. | Case No. 16-cv-01306-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY** |

　　　This matter is before the Court on Defendant's motion to stay all proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation on whether to consolidate this action with other actions. Having carefully considered the parties' written arguments, the Court finds this matter suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's motion.

**BACKGROUND**

　　　The above-captioned matter concerns Plaintiffs' putative class action against Defendant Starbucks Corporation, filed on March 16, 2016, which generally alleges that Starbucks uniformly underfills its lattes, and misrepresents to its customers the amount of latte that will be in its various sized cups. *See* Compl. (Docket No. 1). On May 26, 2016, Defendant moved the Judicial Panel on Multidistrict Litigation (the "Panel") to coordinate or consolidate this case with three others currently pending in federal court, and to transfer the cases to the Western District of Washington. Mot. at 2 (Docket No. 25). The Panel set the matter for oral argument on July 28, 2016. This matter has an Initial Case Management Conference ("CMC") scheduled for July 11, 2016 before this Court. Prior to the CMC, the parties will have participated in the Federal Rule of Civil Procedure 26(f) conference and provided initial disclosures.

## DISCUSSION

The *Manual for Complex Litigation* (*"MCL"*) specifically cautions that where, as here, a motion for transfer under 28 U.S.C. § 1407 is pending, "[t]he transferor court should not automatically stay discovery." *MCL 4th* § 20.131; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). However, a district court has the inherent power to stay proceedings in order to control its docket, and in the interest of judicial efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, courts will "frequently grant stays pending a decision by [the Panel]" to serve the interests of judicial economy. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). There are three factors for a court to consider when deciding whether to grant a stay pending the Panel's decision: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party absent a stay; and (3) judicial resources that would be saved by avoiding duplicative litigation. *Rivers*, 980 F. Supp. at 1360.

### I.  Plaintiffs' Potential Prejudice is Minimal.

The Court agrees with Plaintiffs that a stay will thwart Plaintiffs' ability to commence and advance discovery. *See* Opp'n at 4. This would be unfair to Plaintiffs, as it would allow Defendant to unilaterally halt a proceeding rightfully initiated by Plaintiffs. There is no automatic stay pending a decision from the Panel; therefore, it is correct to assume that courts (and the Panel) anticipate that plaintiffs should generally be permitted to proceed with discovery while the Panel considers a pending motion to consolidate, unless other circumstances are present.

However, the Court also agrees with Defendant that Plaintiffs have not specifically identified the reasons why a brief stay would be unduly prejudicial. Reply at 5-6. At this point, discovery has already commenced; thus, any prejudice resulting from a delay in the commencement of discovery would be minimal. *See* Order Denying Defendant's Motion to Continue Initial CMC (Docket No. 30). For these reasons, the Court finds that this factor alone does not warrant denial of a stay.

## II. Defendant's Perceived Hardship/Inequity is Minimal.

There is a slight potential of hardship to Defendant insofar as it would be forced to engage in duplicative litigation absent a stay. *See, e.g., Cooper v. Siddighi*, No. 13-CV-0345-JGB, 2013 U.S. Dist. LEXIS 188416, at *8 (C.D. Cal. May 8, 2013). However, considering the early stage of this litigation, the Court finds any such hardship to be minimal. The only duplication in the near future appears to be discovery-related, and with some foresight and organization, Defendant will not have to expend too many resources in turning over documents or responding to requests for admissions and interrogatories in the multiple actions. Accordingly, the Court finds that Defendant will not endure undue hardship absent a stay.

The Court notes, however, that there is a higher potential for hardship to Defendant when it comes to duplicative depositions. The Court finds that it would be unduly prejudicial for Defendant to have to schedule and defend depositions of presumably the same Starbucks employees and other witnesses for four different cases during the pendency of the motion before the Panel. For this reason, the Court GRANTS Defendant's motion as to depositions, but not as to written discovery.

## III. Few Judicial Resources Would Be Conserved by Granting a Stay.

Courts generally stay proceedings when a stay would avoid the needless duplication of the Court's resources and potential inconsistent rulings. *See Rivers*, 980 F. Supp. at 1360-61. Here, the Court finds that the interests of judicial economy do not favor a stay. Without reaching the merits of the motion pending before the Panel,[1] the Court finds that while there may be similar questions of fact in the four cases, the Court does not see how a brief stay would conserve any meaningful amount of judicial resources.

---

[1] The Court does not take into account Plaintiffs' arguments that the Panel will not coordinate the four cases due to the small number of cases or factual differences between the complaints. *See* Opp'n at 3. The merits of the Panel's motion is not the proper focus of this Court. *In re Rolls Royce Corp.*, 775 F.3d 671, 682 (5th Cir. 2014) ("Whether a case is to be transferred to an MDL docket is not [the district court's] decision to make.").

The Court has already ruled on the motion to dismiss, and there are no other pending substantive motions that would create the possibility of inconsistent rulings. The Court does not foresee expending excessive resources in "pretrial management efforts" while the Panel considers the pending motion to consolidate. Mot. at 5. Therefore, at this point in the proceeding, the Court finds that the interests of judicial economy do not warrant a stay.

**CONCLUSION**

For the reasons explained above, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to stay the proceedings, because Defendant has not met its burden of demonstrating that a stay is warranted. The parties shall attend the Initial Case Management Conference on Monday, July 11, 2016.[2] Unless otherwise ordered by the Court and in accordance with applicable Federal Rules of Civil Procedure and this District's Civil Local Rules, the parties may proceed with the following written discovery: requests for admissions, interrogatories, and requests for document production.

However, Defendant's motion is GRANTED as to depositions. Neither party may notice any depositions until the Panel has issued a ruling on Defendant's motion to coordinate, unless otherwise ordered by this Court. The Court encourages the parties to cooperate during the pendency of the motion before the Panel to minimize any potential prejudice to either side.

**IT IS SO ORDERED.**

Dated:  07/06/16                                   _____
                                                                 THELTON E. HENDERSON
                                                                 United States District Judge

---

[2]  Because the Court is no longer holding a hearing on this motion, the time and location of the July 11, 2016 CMC is hereby RESCHEDULED to **1:30 PM, in Courtroom 12 on the 19th Floor** of the Phillip Burton Federal Building.